# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGER HEATH | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-CV-02543-CM-JPO |
| v. | ) |
| | ) |
| | ) |
| TMG SERVICES INC., and | ) |
| LINDA M. FRAZIER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants TMG Services, Inc. and Linda M. Frazier, filed on January 30, 2019 (Doc. 8). On October 11, 2018, Plaintiff Roger Heath ("Plaintiff") filed his Complaint (Doc. 1) against Defendants TMG Services, Inc. and Linda M. Frazier (collectively, "Defendants"), arising from the parties' prior settlement of Plaintiff's claims in a case previously before this Court, styled as *Roger Heath v. TMG Services, Inc. et, al.,* Case No. 2:17-cv-02597-CM-GEB ("Prior Action").

Defendants were served with a summons and a copy of the Complaint on November 1, 2018. (Docs. 3-4). Neither of the Defendants responded to the Complaint or otherwise appeared before the Court in this matter. On Plaintiff's Application for Clerk's Entry of Default (Doc. 5), the Clerk of Court entered default against these Defendants on December 13, 2018 (Doc. 6). On January 30, 2019, Plaintiff moved for entry of default judgment with supporting affidavits and exhibits (Docs. 8-9). Defendants did not file a response to Plaintiff's Motion. No hearing was held in this matter. Defendants have failed to appear, answer the Complaint, or otherwise make any effort to defend against this action after

1

personal service was effectuated upon them. The Court has reviewed Plaintiff's Motion, the exhibits and affidavits, the case file, and the applicable law. The Court is sufficiently advised in the premises and this matter is now ripe for decision. For the reasons discussed below, Plaintiff's Motion for Entry of Default Judgment is granted.

**I.  Standard of Review**

A default judgment may be entered against a party who fails to appear or otherwise defend against an action. Pursuant to Fed. R. Civ. P. 55(b)(2), judgment by default may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection . . . a workable system of justice requires that litigants not be free to appear at their pleasure." *In re Rains,* 946 F.2d 731, 732–33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

## II. Findings and Conclusions

Service may be effectuated upon an individual within a judicial district of the United States by the delivery of a summons and of a copy of the complaint to the individual personally. Fed. R. Civ. P. 4(e)(2)(A). A corporation may be served by personal service of the summons and complaint to an agent of the company authorized to receive service. Fed. R. Civ. P. 4(h)(1)(B). Plaintiff properly served both Defendants. On November 1, 2018, a process server personally served Defendant Frazier, both individually and as the authorized agent for TMG. (Docs. 3-4). Defendants have not appeared in this action and have not responded to the Complaint. (Doc. 5). Plaintiff also filed an affidavit asserting that neither Defendant is an infant, incompetent, or officer or agent of the United States. By failing to file a pleading or otherwise defend, Defendants have admitted Plaintiff's allegations as pled in the Complaint. *See, e.g., Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003) (upon a showing of default, a defendant admits the plaintiff's allegations).

No hearing or witness testimony is necessary to prove damages because Plaintiff has submitted its evidence in the form of an affidavit and documentary evidence. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (finding that no hearing is necessary for default judgment if the amount claimed is a liquidated sum or one capable of mathematical calculation). As pled in the Complaint and as shown in Plaintiff's Affidavit in Support of his Motion for Default, four installments of the parties' settlement agreement totaling $36,875 remain due and owing by Defendants. Additionally, per the terms of the parties' settlement agreement, interest on this remaining balance has accrued at the rate of 10% per annum (Doc. 9-7). The interest began to accrue on April 17, 2018, the day after the last date on which Defendants could have cured the default with regard to the then-

outstanding fourth installment of the settlement payment, as set forth in the email exchange between Defendant Frazier and Plaintiff's counsel. (Doc. 9-13).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 8) is **GRANTED.** Judgment shall issue by separate order after the Court's consideration of Plaintiff's forthcoming motion for attorney's fees.

Dated this 6th day of March, 2019, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
Carlos Murguia
United States District Judge